# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | Misc. 17-36 SVW (MRWx) | Date | April 28, 2017 |
|---|---|---|---|
| Title | Alerding Castor Hewett LLP v. Fletcher | | |

Present: The Honorable  Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   ORDER TO SHOW CAUSE

1. On March 31, the Court established a briefing schedule regarding this subpoena enforcement action. Because the potentially responding parties were not identified on the Court's docket, the Court directed the moving parties to "immediately serve a copy of this order on the other litigants and file proof of service with the Court." (Docket # 4.)

2. It's not clear what happened after that. The April 21 filing deadline came and went without any submission from any other party. But Defendants Fletcher and Wockner did not file any proof that they served anyone with the Court's order.

3. Then, on April 27, the defense filed two proofs of service. One, bearing a date of March 28, purported to be a sworn declaration from Colin Fletcher attesting to service of the case-initiating "motion for court order." (Docket # 8.) But, attached to the proof was this Court's March 31 order – issued three days after he purportedly served materials on the others. (Docket # 8 at 2.) That makes no sense.

4. The second proof of service – signed by Bob Gheno, and listing a slightly different address in Santa Barbara – attested to service of the Court's March order on the other parties. However, the proof of service is dated April 24 – well after the deadline that the Court established for filings, and certainly not "immediately" after the time that the Court issued its initial order. (Docket # 7.)

5. The Court has real doubts that Defendants properly provided notice of this subpoena enforcement action to the other parties. There is also whiff of improper conduct and potentially false statements submitted to this federal court. Although the Court recognizes that the defendants are representing themselves without lawyers, Ninth Circuit law mandates that pro se litigants must follow court procedures and other matters of federal law. United States v.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | Misc. 17-36 SVW (MRWx) | Date | April 28, 2017 |
|---|---|---|---|
| Title | Alerding Castor Hewett LLP v. Fletcher | | |

Merrill, 746 F.2d 458, 465 (9th Cir. 1984) (pro se litigants are "subject to the same rules of procedure and evidence" as other parties "who are represented by counsel").

      6.      Therefore, Defendants Fletcher and Wockner are ORDERED to show cause why this action should not be dismissed for failure to comply with this Court's order. They will file a statement (not to exceed five pages) explaining the confusing filings with the Court and demonstrating that the other parties in this action were properly served with process. Defendants' submission will be due by May 12.

      7.      In the interim, the Court will withhold consideration of the underlying subpoena motion. After reviewing Defendants' submission – and ensuring that the other parties received proper notice of the action – the Court may set a new briefing schedule or take other appropriate action.

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**